UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL NO. 3:18-CR-0291-B-2 |
| | § | |
| DAMON WILLIAMS | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Damon Williams's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Doc. 91). For the reasons set forth below, the Court **DENIES** Williams's motion **WITHOUT PREJUDICE**.

### I.

### BACKGROUND

After Williams pleaded guilty to conspiracy to possess with the intent to distribute a Schedule II controlled substance, the Court sentenced him to 95 months of imprisonment and four years of supervised release. Doc. 54, J., 1–3. Williams, who is now forty years old, is serving his sentence at El Reno Federal Correctional Institution (FCI). His statutory release date is April 13, 2025.[1] As of May 10, 2021, El Reno FCI reports zero active and 577 recovered cases of COVID-19 among its

---

[1] The Court derives this information from the Bureau of Prisons (BOP)'s Inmate Locator, available at https://www.bop.gov/inmateloc/ (last accessed May 10, 2021).

inmates.² On March 15, 2021, Williams filed the pending motion for compassionate release (Doc. 91). The Court reviews Williams's motion below.

## II.

## LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692–93 (5th Cir. 2020) (footnote omitted) (quoting § 3582(c)(1)(A)(i)).

## III.

## ANALYSIS

*A.    Williams Has Not Demonstrated Proof of Exhaustion.*

Williams's request for compassionate release is denied because he has not proven that he satisfied the exhaustion requirement. Section 3582(c)(1)(A) allows a defendant to bring a motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."

---

² The Court accessed these statistics from the BOP's COVID-19 webpage, available at https://www.bop.gov/coronavirus/ (last accessed May 10, 2021).

§ 3582(c)(1)(A).[3]

Williams asserts that he satisfied the exhaustion requirement by "submitt[ing] a request for reduction in sentence to the Warden . . . on July 6, 2020 and again on July 16, 2020." Doc. 91, Def.'s Mot., 16. And he claims that "[t]he Warden sent a denial letter to [Williams] on July 20, 2020." *Id.* However, Williams does not provide any proof of his submission or the warden's denial. *See generally id.* Without such evidence, Williams has not proven that he complied with the exhaustion requirement, and the Court thus **DENIES** his motion for compassionate release **WITHOUT PREJUDICE**. *See, e.g.*, *United States v. Broadus*, 2020 WL 4784686, at *2 (N.D. Tex. Aug. 18, 2020) (denying compassionate release where the defendant failed to "show proof of her exhaustion of administrative remedies").

B.      *Williams Has Not Demonstrated Extraordinary and Compelling Reasons for Release.*

Regardless of whether Williams exhausted his administrative remedies, he has not shown "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A). Section 3582(c)(1)(A)(i) does not define the "extraordinary and compelling reasons" that may merit compassionate release. *See generally id.* Rather, Congress "delegated that authority to the Sentencing Commission" and directed it to "promulgate general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and

---

[3] The Court clarified its interpretation of the thirty-day prong of the exhaustion requirement in *United States v. Ezukanma*, 2020 WL 4569067, at *2–5 (N.D. Tex. Aug. 7, 2020). In sum, based on the plain text of § 3582(c)(1)(A), the Court concluded that to comply with the statute's exhaustion requirement, a defendant may show that thirty days have passed since the warden's receipt of his compassionate-release request—irrespective of a denial. *See id.* at *5.

a list of specific examples." *United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (citations, quotation marks, and alterations omitted).

Prior to the passage of the First Step Act, the Sentencing Commission issued a policy statement—U.S.S.G. § 1B1.13—that "sets forth three circumstances that are considered 'extraordinary and compelling reasons.'" *United States v. Muniz*, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing § 1B1.13(1)(A) & cmt. n.1). These include the defendant's medical condition, age, and family situation. *See* § 1B1.13(1)(A) & cmt. n.1.[4] However, the Fifth Circuit recently held that § 1B1.13 only applies to motions filed by "the Director of the [BOP]" and thus does not "bind[] a district court addressing a prisoner's own motion under § 3582." *Shkambi*, 993 F.3d at 393 (citing § 1B1.13).

While not binding, § 1B1.13 and its commentary nonetheless inform the Court's analysis of a prisoner's motion as to what constitutes an extraordinary and compelling reason for compassionate release. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) ("Although not dispositive, the commentary to . . . § 1B1.13 informs [the court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."); *United States v. Rivas*, 833 F. App'x 556, 558 (5th Cir. 2020) (per curium) (noting that U.S.S.G. § 1B1.13 is "not dispositive" but "guid[ing]"); *United States v. Contreras*, 2021 WL 1536504, at *4 (E.D. Tex. Apr. 19, 2021) (finding § 1B1.13 informative in evaluating an inmate's motion in light of *Shkambi*'s holding). Considering Williams's motion in light of § 1B1.13 and applying the Court's discretion, the Court concludes that

---

[4] The policy statement also provides a catch-all provision for the existence of "an extraordinary and compelling reason other than, or in combination with," the three circumstances set forth above, "[a]s determined by the Director of the [BOP.]" § 1B1.13(1)(A) cmt. n.1.

Williams has not provided "extraordinary and compelling reasons" warranting compassionate release. *See* § 3582(c)(1)(A).

As a preliminary matter, the Court notes that to the extent Williams raises concerns about the conditions at El Reno FCI, those concerns do not give rise to extraordinary and compelling reasons for release. The Court recognizes the unprecedented nature of COVID-19 and the outbreak of the virus at various federal prisons. But El Reno FCI's statistics—577 recovered cases and zero active cases of COVID-19—suggest the decline of an outbreak, if anything. Further, generalized concerns about the spread of COVID-19 at Williams's facility do not give rise to extraordinary and compelling reasons for release. Rather, "the Court must consider every prisoner individually and should be cautious about making blanket pronouncements" about, for example, the propriety of incarceration for all inmates at a given facility. *See United States v. Delgado*, 2020 WL 2542624, at *3 (N.D. Tex. May 19, 2020).

Regarding Williams's individual circumstances, Williams states that compassionate release is warranted due to his medical conditions and family circumstances. Doc. 91, Def.'s Mot., 16–20. The Court disagrees.

First, Williams states that his "medical condition[s] put[] him in a [h]igher [r]isk to severe illness to the exposure of COVID-19." *Id.* at 16. These conditions include "shortness of breath and severe nerve damage due to being stabbed in the back that resulted in the collapse of his lungs and the piercing of the main nerve that runs through the entire body." *Id.* In light of the ongoing COVID-19 pandemic, Williams claims, his conditions render him "unable to [care] for himself within prison[.]" *Id.* at 17. However, Williams does not provide any proof of these alleged medical conditions. *See generally id.* Therefore, he is unable to demonstrate extraordinary and compelling

reasons for his release based on his medical conditions. *See United States v. Moreno*, 2021 WL 389829, at *3 (N.D. Tex. Feb. 4, 2021) (holding alleged medical conditions did not "rise to the level of extraordinary and compelling" when there were "no medical records to substantiate any of the conditions" alleged); *United States v. Isidaehomen*, 2020 WL 5801411, at *3 (N.D. Tex. Sept. 29, 2020) (same). Moreover, Williams does not adequately explain why he is unable to provide self-care while at El Reno FCI or why El Reno FCI is unable to provide care for him. He only claims that El Reno FCI cannot "rid itself of the virus and cannot assure that the virus will not attack the [inmate] population[.]" Doc. 91, Def.'s Mot., 17. But as discussed, Williams's concerns regarding the spread of the virus at El Reno FCI do not give rise to extraordinary and compelling reasons for release. Williams gives no additional explanation for the inadequacy of his care. Accordingly, the Court does not find extraordinary and compelling reasons for Williams's release based on his alleged medical conditions.

Second, Williams claims that compassionate release is warranted due to family circumstances. Doc. 91, Def.'s Mot., 17. He claims that he "has been engaged to Ms. Shelesha Bell and helping her raise her three children for the past 10 years[.]" *Id.* He claims that Ms. Bell is "100% disabled" and "experienc[es] . . . extreme pain in her neck, lower back, [and] knees" as well as "intense migraines[.]" *Id.* at 18. According to Williams, these conditions worsened "[s]hortly after [Williams] arrived at prison." *Id.* While Williams does not state what condition Ms. Bell suffers from, he claims that she "is required to . . . have a surgical procedure" "once a month." *Id.* These "procedure[s] along with the medications that Ms. Bell is on keeps her restrained to her bed for most of the day." *Id.* Willaims claims that Ms. Bell's conditions thus render her unable to take care of her children, and that "Ms. Bell needs [Williams] home to assist her with the responsibilities[.]" *Id.* at 18–19.

However, Williams has not demonstrated how these circumstances give rise to extraordinary and compelling reasons for his release.

As discussed, the Court exercises its discretion to determine whether a prisoner's motion demonstrates extraordinary and compelling reasons for release, but is "guided in [its] analysis by the commentary" to § 1B1.13. *Rivas*, 833 F. App'x at 558. And indeed, the commentary explains that "[f]amily [c]ircumstances" may constitute extraordinary and compelling reasons for a defendant's release in cases involving "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." § 1B1.13(1)(A) cmt. n.1(C).

While not binding, this commentary is informative as to when family circumstances may rise to the level of extraordinary and compelling. The Court does not necessarily require the exact scenarios described in the commentary to § 1B1.13. However, the Court does believe that compassionate release based on family circumstances should involve a situation where a prisoner's release is necessary to protect the well-being of an incapacitated family member. And here, Williams has not demonstrated that his circumstances involve the kind of necessity or relationship warranting compassionate release.

Indeed, like his medical conditions, Williams does not provide evidence to substantiate his allegations regarding Ms. Bell. *See generally* Doc. 91, Def.'s Mot. He does not provide evidence of his relationship to Ms. Bell and her children, nor does he provide any evidence of Ms. Bell's alleged conditions or inability to care for her children. *See generally id.* Further, he provides no evidence to show that his release is necessary, such as proof that no one else is available to care for Ms. Bell's

children. *See generally id.* Absent proof, the Court does not find extraordinary and compelling circumstances for release.[5] *See United States v. Tucker*, 2021 WL 977100, at *1 (N.D. Tex. Mar. 15, 2021) (holding family circumstances did not warrant compassionate release where defendant claimed his wife was terminally ill but did not provide evidence that the defendant was "the only available caregiver of his spouse or that his spouse [was] the only available caregiver of his children."); *United States v. Thomas*, 2020 WL 6737872, at *3 (N.D. Tex. Nov. 16, 2020) (holding family circumstances did not warrant compassionate release where defendant did not provide evidence to show the allegedly incapacitated person was "the *sole* caregiver of [his] children"); *United States v. Palmer*, 2020 WL 3440652, at *3 (N.D. Tex. June 23, 2020) (same). Accordingly, Williams has not demonstrated extraordinary and compelling family circumstances warranting a sentence reduction.

Overall, there is nothing before the Court indicating that Williams's personal circumstances rise to the level of extraordinary and compelling. In the Court's discretion, the Court **DENIES** Williams's motion **WITHOUT PREJUDICE**.

### IV.

### CONCLUSION

Williams's request for compassionate release under § 3582(c)(1)(A) fails because he has not proven exhaustion of his administrative remedies or demonstrated extraordinary and compelling reasons for compassionate release. For these reasons, the Court **DENIES** Williams's motion (Doc. 91) **WITHOUT PREJUDICE**.

---

[5] This is not to say that the Court necessarily finds that Williams's circumstances, if substantiated, would warrant his release. But without evidence, the Court does not have the opportunity to adequately consider them.

By denying Williams's motion without prejudice, the Court permits Williams to file a subsequent motion for compassionate release in the event he can both: (1) provide evidence supporting a finding of extraordinary and compelling reasons for release, and (2) satisfy the exhaustion requirement with respect to those circumstances.

Finally, the Court notes that before granting compassionate release under § 3582(c)(1)(A), it must consider the sentencing factors of 18 U.S.C. § 3553. § 3582(c)(1)(A). Because Williams fails to prove exhaustion of his administrative remedies and extraordinary and compelling reasons for release, the Court need not conduct a § 3553 analysis today.

**SO ORDERED.**

**SIGNED:** May 10, 2021.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE